697 F.2d 1213
 Alvin S. ADAMS and David A. Gootee, Appellants,
v.
Richard E. BAIN, County Administrator, York County, Virginia
and Wallace J. Robertson, Fire Chief, York County, Virginia,
and The County of York, Virginia and The York County
Volunteer Fire Department, Appellees.
 No. 82-1020.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1982.
Decided Dec. 30, 1982.
 
 Ronnie Cohen, Newport News, Va. (Bennett & Cohen, Inc., Newport News, Va., on brief), for appellant.
 James E. Bradberry, Newport News, Va. (Cecil G. Moore, Moore, Moore & Bradberry, Thomas W. Athey, Newport News, Va., on brief), for appellee.
 Before BUTZNER and SPROUSE, Circuit Judges, and HAMILTON,* District Judge.
 SPROUSE, Circuit Judge:
 
 
 1
 Alvin S. Adams and David A. Gootee appeal the dismissal of their claims brought under 42 U.S.C. Sec. 1983,[1] alleging that they were unconstitutionally removed from their positions as fire fighters in the York County (Virginia) Volunteer Fire Department. The defendants (appellees) are York County; the York County Volunteer Fire Department; Richard E. Bain, the then County Administrator; and Wallace J. Robertson, the York County Fire Chief. The district court dismissed the action in response to the defendants' motion challenging the complaint for failure to state an adequate basis for subject matter and personal jurisdiction and for failure to assert a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), (2), (6). We reverse.
 
 
 2
 York County, Virginia, is governed by an elected Board of Supervisors. Management of county activities is performed on a daily basis by a County Administrator, who at the time of the dispute in question was appellee Bain.
 
 
 3
 Fire protection in York County is provided by the York County Fire Department, whose fire fighting forces consist of two groups: a group of full-time salaried fire fighters, and members of the York County Volunteer Fire Department (VFD). The VFD is a membership organization. Although its members are not salaried employees of the county, they are covered by the county's workmen's compensation policy. The VFD receives fire fighting equipment from the county and uses the county fire department building and other county property.
 
 
 4
 VFD members are required to participate in fifty percent of the organization's activities in order to maintain membership. The VFD elects its own officers and holds regular meetings at the county-owned fire station. York County's Fire Chief, appellee Robertson, is a member of the VFD and is also a member of its Executive Committee. Both volunteer and full-time fire fighters serve under the command of the Fire Chief when participating in fire fighting activities. The Fire Chief, in turn, is accountable to the County Administrator and the Board of Supervisors.
 
 
 5
 The present case arose out of actions taken by appellees following the appearance of appellants at a meeting of the Board of Supervisors on October 5, 1978. Appellants attended the meeting as representatives of the VFD to voice their opinions regarding fire department operations. As a result of appellants' actions, appellee Robertson wrote them letters in which he terminated them from "active volunteer membership" in the York County Fire Department, and directed them to return all Department equipment. Defendants were further ordered to refrain from entering all county engine houses. In response to Robertson's invitation, the appellants "grieved" his decision to County Administrator Bain. Bain reviewed and affirmed Robertson's decision to terminate appellants' membership.
 
 
 6
 Appellees argue, and the district court apparently agreed, that the VFD is a private entity with control over its membership. They urge that even though the Fire Chief and County Administrator dismissed the appellants from further service as fire fighters, the Chief and Administrator acted under a misunderstanding of their official authority. Alternatively, appellees contend that the appellants voluntarily "resigned after their dismissal." They thus contend that the dismissals were ineffective and not made "under color of state law." Appellees further claim that because service as a volunteer fire fighter is not a "right" in any sense of the word, it does not merit constitutional protection. Appellants, on the other hand, allege that they were discharged by county officials, the VFD, or by joint action of the VFD and county officials, concededly for the exercise of rights protected by the first amendment.
 
 
 7
 The district court conducted an evidentiary hearing, which it characterized as a hearing on the jurisdictional issues, but initially held the case in abeyance pending possible state court resolution of the appellants' then current membership status in the VFD. The district court's later order indicates only that the court granted dismissal after consideration of defendants' motion and supporting memorandum. Neither the memorandum nor the pleaded facts of the case, however, suggest any support for considering a 12(b)(2) dismissal. We assume, therefore, that the district court's action was based on Fed.R.Civ.P. 12(b)(1), that it lacked subject matter jurisdiction, and on Fed.R.Civ.P. 12(b)(6), due to its belief that the complaint failed to state a claim upon which relief could be granted. We review the court's action as based independently on each of these two grounds and find it erred in dismissing the case on either ground.
 
 
 8
 We first consider the court's action as a 12(b)(6) dismissal. In reviewing a court's action grounded on this rule, we accept as true the allegations of the complaint. As this court has noted, a complaint should not be so dismissed "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.1969). A complaint should not be thus dismissed merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see generally, C. Wright & A. Miller, Federal Practice and Procedure Sec. 1357 (1969 & 1981 Supp.). In the present case, the appellants alternatively allege that they were dismissed by individual state officials, by the VFD, or by state officials acting jointly with the VFD, in retaliation for exercising their first amendment right to address the Board of Supervisors. We believe that these allegations clearly state a claim under section 1983.
 
 
 9
 The appellees do not deny that the appellants' dismissals resulted from their efforts to change the manner in which York County provides fire and rescue services, by speaking at a public meeting of the Board of Supervisors. That fact is not an issue on this appeal.[2] Nor are we presently concerned with the issue of whether appellees' actions were constitutionally permissible under the first amendment,[3] or whether the removal of the appellants from active service as fire fighters constituted a violation of due process. Those issues also must be resolved initially at trial. Rather, to paraphrase Chief Justice Burger, the core issue presented in the 12(b)(6) aspect of this case is not whether the appellants' first or fourteenth amendment rights have been violated, but whether the appellees' actions as alleged in the complaint can fairly be seen as state action.[4] More specifically, the issue is whether the alleged retribution against appellants because of their actions at a public meeting and the alleged procedural irregularities in removing them from the VFD can be charged to the "state" or only to the VFD acting purely as a private entity.[5]
 
 
 10
 The Supreme Court has recently outlined an approach for resolving issues of this type. Lugar v. Edmondson Oil Co., --- U.S. ----, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In Lugar, Justice White aptly expressed the principle which should be applied to the facts of this case:
 
 
 11
 Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the state. These cases reflect a two-part approach to this question of "fair attribution." First, the deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.
 
 
 12
 Although related, these two principles are not the same. They collapse into each other when the claim of a constitutional deprivation is directed against a party whose official character is such as to lend the weight of the state to his decisions.
 
 
 13
 Id. at ----, 102 S.Ct. at 2754.
 
 
 14
 The issue of whether the deprivation alleged here can be fairly attributable to the state involves questions of whether there was state action and whether the alleged wrongs were perpetrated by state actors. These questions, however, tend "to collapse into each other," and require resolution of issues of fact. There are therefore several reasons why it was improper to dismiss the complaint on a 12(b)(6) motion without receiving evidence and deciding the issues on the merits. For example, one of the appellants' claims is that the VFD removed them from membership as a result of the actions taken by Bain and Robertson. It is well settled that prohibited action taken in concert by public officials and a private entity is state action regardless of whether the ultimate illegal sanctions were imposed by the private entity or a public official. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Thus, if appellants' dismissals resulted from the concerted actions of Bain and Robertson on the one hand, and the VFD on the other, a case of state action exists. Implicit in such a conclusion is that a "state actor" discharged appellants. Lugar, supra, at ----, 102 S.Ct. at 2754. Resolution of this question requires the sifting of facts developed at a trial on the merits.
 
 
 15
 Appellants also claim that York County violated their constitutional rights by acting through its full-time paid officials, Bain and Robertson. The County admits that there was official action, but asserts that such action was void ab initio because neither the two officials nor York County had the authority to dismiss the appellants from the VFD, as it was a private organization having control over its membership. Absent from this rationale is any consideration of the ultimate effect of the Robertson-initiated action. Arguably, only a majority vote of the VFD could dismiss the appellants from its membership. Robertson and Bain, however, had the authority, and forcefully exercised it, to exclude the appellants from the county-owned property occupied by the VFD, from operating the equipment used by the organization, and from engaging in the very act of fire fighting. Consequently, even if appellants had continued as members of the VFD, their membership would have been stripped of all substance--bare of the essential reasons for which they obviously joined--the opportunity to engage in fire fighting and other emergency activity.[6]
 
 
 16
 Finally, even assuming that the VFD acted solely on its own to deprive appellants of their rights or privileges of membership in retaliation for their conduct at the public meeting, there is an issue as to whether the organization was exercising a "traditional public function," making it a "state actor" for fourteenth amendment purposes. The Supreme Court has emphasized that a private entity can in some circumstances so completely perform the functions normally reserved to a traditionally public entity that its activity can be fairly characterized as "state action." See Rendell-Baker v. Kohn, supra; Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); see also Janusaitis v. Middlebury Vol. Fire Dept., 607 F.2d 17 (2d Cir.1979). As observed in Flagg Brothers:
 
 
 17
 [W]e would be remiss if we did not note that there are a number of state and municipal functions not covered by our election cases or governed by the reasoning of Marsh which have been administered with a greater degree of exclusivity by States and municipalities than has the function of so-called "dispute resolution." Among these are such functions as education, fire and police protection, and tax collection. We express no view as to the extent, if any, to which a city or State might be free to delegate to private parties the performance of such functions and thereby avoid the strictures of the Fourteenth Amendment. The mere recitation of these possible permutations and combinations of factual situations suffices to caution us that their resolution should abide the necessity of deciding them.
 
 
 18
 436 U.S. at 163-64, 98 S.Ct. at 1737 (footnotes omitted). In Rendell-Baker, supra, the Court stated:
 
 
 19
 The third factor asserted to show that the school is a state actor is that it performs a "public function." However, our holdings have made clear that the relevant question is not simply whether a private group is serving a "public function." We have held that the question is whether the function performed has been "traditionally the exclusive prerogative of the State."
 
 
 20
 Id. at ----, 102 S.Ct. at 2772.
 
 
 21
 We need not decide whether the VFD is a private organization and, if so, whether fire fighting per se is an activity "traditionally the exclusive prerogative of the State." Whether, however, responsibility for public fire protection may be delegated to the VFD without that organization becoming a "state actor" at least involves questions of fact. Any determination of whether fire fighting in York County is traditionally an "exclusive public function" requires the application of the broad but well defined legal principles, discussed above, to the particular facts of this case.[7]
 
 
 22
 We next consider the district court's dismissal as based on Rule 12(b)(1). There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction. First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.[8] Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations. This was the subject matter jurisdictional attack made in the case sub judice.
 
 
 23
 In judging this evidentiary attack, the trial court necessarily assumes a different role than in a proceeding to resolve a 12(b)(1) motion based on contentions that the complaint was jurisdictionally deficient on its face. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment. See Mims v. Kemp, 516 F.2d 21 (4th Cir.1975). Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction. This does not usually present a serious problem except in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute. It is the better view that in such cases the entire factual dispute is appropriately resolved only by a proceeding on the merits. See Chatham Condominium Ass'n. v. Century Village, Inc., 597 F.2d 1002 (5th Cir.1979); McBeath v. Inter-American Citizens for Decency Comm., 374 F.2d 359 (5th Cir.), cert. denied, 389 U.S. 896, 88 S.Ct. 216, 19 L.Ed.2d 214 (1967); Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884 (3d Cir.1977); see also Hospital Building Co. v. Trustees of Rex Hospital, 511 F.2d 678, 680-81 (4th Cir.1975), rev'd. on other grounds, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976);[9] see generally 2A Moore's Federal Practice p 12.16 (1982 & Supp.).
 
 
 24
 The trial court in this case made no finding of fact, but we assume that the portion of its dismissal order resting on jurisdictional grounds was based on the testimony produced at the hearing it conducted. That evidence established: the appellants appeared before the Board of Supervisors in an exercise of their first amendment rights; they received a letter from the fire chief "discharging" them from membership in the VFD; they were prohibited from entering onto fire department property or from engaging in fire fighting or other emergency activity; they were dismissed because they appeared before and addressed the Board of Supervisors; the dismissals were upheld by the County Administrator; subsequently at a meeting of the VFD, there was a mass resignation of most members of the VFD, including the appellants.
 
 
 25
 The reasons for the appellants' participation in the "resignations" after their discharge is not clear. Nor is there sufficient evidence in the record to determine the legal effect of such "resignations" under state law.[10] Appellants contend that the effect of their actions was not resignation from the VFD and that however those actions are characterized they were brought on by the constitutionally improper coercion of county officials. We conclude that not only were there not sufficient facts developed at the 12(b)(1) hearing to resolve the jurisdictional issue, but that the facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, that 12(b)(1) is an inappropriate basis upon which to ground the dismissal.
 
 
 26
 We express no opinion on the merits of the appellants' case. It may well be that the actions allegedly taken by York County and the VFD were constitutionally permissible. That is an ultimate conclusion that can be reached only after a full trial. The judgment of the district court dismissing the case is reversed, and the cause remanded for proceedings consistent with the views expressed in this opinion.
 
 
 27
 REVERSED AND REMANDED.
 
 
 
 *
 Hon. Clyde H. Hamilton, United States District Judge for the District of South Carolina, sitting by designation
 
 
 [1]
 42 U.S.C. Sec. 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [2]
 Likewise we cannot consider the factual issues arising from the appellants' participation in the subsequent mass resignation from the VFD. Those issues and the legal principles applicable to them must be fully resolved at trial
 
 
 [3]
 See Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)
 
 
 [4]
 Rendell-Baker v. Kohn, --- U.S. ----, ----, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982)
 
 
 [5]
 One aspect of the alleged retribution was dismissal from membership in the volunteer fire department. We need not decide whether such membership is a right or a privilege because the revocation of such membership is the kind of injury that can support a Sec. 1983 action. See Everett v. Riverside Hose Co. No. 4, Inc., 261 F.Supp. 463 (S.D.N.Y.1966); Williams v. Rescue Fire Co., 254 F.Supp. 556 (D.Md.1966); see also Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953)
 
 
 [6]
 Moreover, because a volunteer member must take part in fifty percent of all VFD activities, the order issued by Bain and Robertson would have jeopardized the appellants' ability to maintain their bare membership status
 
 
 [7]
 We also decline to consider whether there is such a "symbiotic" relationship between the York County paid fire department and the VFD that a finding of state action is required. Although there is dicta in Rendell-Baker, supra at ----, 102 S.Ct. at 2772, to the contrary, the Court has previously indicated in Jackson v. Metropolitan Edison Co., 419 U.S. 345, 358, 95 S.Ct. 449, 457, 42 L.Ed.2d 477 (1974), that the symbiotic relationship test first announced in Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), was limited to the facts of that case. If there is such a symbiotic relationship in the present case, it would ordinarily follow that the volunteer fire department was exercising an "exclusive public function."
 
 
 [8]
 See Chatham Condominium Ass'n. v. Century Village, Inc., 597 F.2d 1002, 1011-12 (5th Cir.1979); Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 892-96 (3d Cir.1977), for discussion of the weaknesses implicit in using a 12(b)(1) motion to dismiss an antitrust suit
 
 
 [9]
 The cited cases involve issues of subject matter jurisdiction in antitrust cases, but the principles seem equally applicable here
 
 
 [10]
 Likewise, there are no facts in the record to indicate vel non if a state court determination of this issue would affect the appellants' federal rights