873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re PSLJ, INC., Debtor.
William H. COFFEY, Plaintiff-Appellant,
v.
Phyllis ANDERSON, individually and as officer and director
of PSLJ, Inc., t/a Sarril Apartments, Stephanie Anderson,
individually and as officer and or director of PSLJ, Inc.
t/a Sarril Apartments, William J. Boehm, individually and as
officer and director of PSLJ, Inc., Leroy Taylor,
individually and as officer and director of PSLJ, Inc.,
William McGill, individually and/or as Director of B & M
Management, Inc., Howard H. Brown, individually and as
officer and/or director of B & M Management, Inc., B & M
Management, Inc., a Maryland Corporation, Defendants-Appellees,
and
PSLJ, Inc., Louis Jacobs, Abner Jacobs, Defendants.
 No. 88-2187.
 United States Court of Appeals, Fourth Circuit.
 April 27, 1989.
Rehearing Denied May 25, 1989.
 
 1
 Herbert Arthur Terrell (Alonzo P. Hairston on brief) for appellant.
 
 
 2
 Richard Victor Falcon (William H. Murphy, Jr., on brief) for appellees.
 
 
 3
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and ALEXANDER HARVEY, II, Chief United States District Judge for the District of Maryland, sitting by designation.
 
 HARVEY, District Judge:
 
 4
 This is an appeal from the district court's affirmance of the bankruptcy court's dismissal of the complaint of appellant, William H. Coffey, filed in an adversary proceeding instituted in the United States Bankruptcy Court for the District of Maryland. In November of 1986, PSLJ, Inc. filed a voluntary petition in the bankruptcy court pursuant to Chapter 11 of the Bankruptcy Code. Coffey filed his complaint in the adversary proceeding in June of 1987, alleging that he had an ownership interest in PSLJ which trades as Sarril Apartments, a residential complex located in Baltimore, Maryland. In the complaint, he named as defendants PSLJ and various individual officers and directors. Inter alia, claims of breach of contract, fraud, conversion, and negligent misrepresentation were asserted by Coffey.
 
 
 5
 Previously, in July of 1986, Coffey had filed suit in the Circuit Court for Baltimore City against PSLJ and certain of its individual officers and directors. That action was stayed pursuant to 11 U.S.C. Sec. 362(a) when the PSLJ bankruptcy proceedings were commenced. Coffey then filed in the bankruptcy court a motion for relief from the automatic stay. By Order dated February 13, 1987, the bankruptcy court lifted the automatic stay "to the extent necessary to permit the institution by William H. Coffey of [an] adversary proceeding ..." which would present the same claims as Coffey had asserted in the state court. That Order directed Coffey to dismiss the action he had filed in the Circuit Court for Baltimore City and further provided that all claims of Coffey over which the bankruptcy court had jurisdiction "shall be adjudicated by this Court." Coffey then instituted the adversary proceeding at issue and named as defendants in his complaint PSLJ and the individual officers and directors whom he had sued in state court.
 
 
 6
 Defendants Abner and Louis Jacobs thereupon filed a motion to dismiss the complaint in the adversary proceeding. After a hearing, the bankruptcy judge granted the motion to dismiss of the Jacobs defendants and, acting sua sponte, further dismissed Coffey's claims as to all defendants named except the debtor PSLJ. The judge concluded that the bankruptcy court lacked subject matter jurisdiction over any of the claims asserted by Coffey in the adversary proceeding except as to claims against the debtor PSLJ. He further concluded that in any event Coffey's claims against the individual defendants were barred by limitations. The complaint was dismissed against all defendants except the debtor PSLJ with leave granted to Coffey to amend his complaint against the debtor.
 
 
 7
 Coffey then filed an amended complaint in the bankruptcy court naming only PSLJ as defendant. That action is now pending before the bankruptcy court.[1] Coffey appealed to the district court the order of the bankruptcy court dismissing the claims he had asserted against the individual officers and directors of the debtor. His brief on appeal addressed only two issues: (1) whether the statute of limitations served as a bar to his claims; and (2) whether his claims against the Jacobs defendants were within the subject matter jurisdiction of the bankruptcy court. The district court affirmed the rulings made by the bankruptcy court, and Coffey has brought this appeal.[2]
 
 
 8
 For the reasons stated herein, we affirm the judgment of the district court upholding dismissal by the bankruptcy court of the claims asserted by Coffey against the appellees. We conclude that the claims which Coffey has asserted against the officers and directors of PSLJ were not within the subject matter jurisdiction of the bankruptcy court. In view of our conclusion in this regard, we do not reach the question whether Coffey's claims in the bankruptcy court were barred by the applicable statute of limitations.
 
 
 9
 The threshold issue presented in this appeal is whether Coffey's claims against the appellees were properly within the subject matter jurisdiction of the bankruptcy court.[3] Appellees here argue that the bankruptcy court did not have jurisdiction over the claims asserted by Coffey against them because, however such claims were resolved, the result could not affect the debtor's estate. We agree. Subject matter jurisdiction in the bankruptcy court did not exist because any judgment secured by plaintiff against the individual appellees would have resulted merely in the imposition of personal liability and would have had no effect on the corporate debtor other than that which Coffey's pending adversary proceeding against the debtor would have.
 
 
 10
 In reviewing a lower court's action on a motion to dismiss under Rule 12(b)(1) (lack of jurisdiction over the subject matter), F.R.Civ.P., we have held that all the facts alleged in the complaint are assumed to be true and that the plaintiff must be afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). See also 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1350, at 551 (1969). If the formal allegations of jurisdiction are deficient but there are facts outside the pleadings from which jurisdiction may be inferred, then a motion to dismiss on such ground should be denied. See Adams, 697 F.2d at 1219; 5 C. Wright & A. Miller, supra, at 552.
 
 
 11
 In this particular case, even under a broad and liberal construction of all of Coffey's allegations, we conclude that he has not set forth sufficient facts indicating the existence of jurisdiction in federal bankruptcy court. The governing statute is 28 U.S.C. Sec. 1334(b) which grants to the district courts bankruptcy jurisdiction over civil proceedings "arising in or related to a case under title 11." We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1002 n. 11 (4th Cir.), cert. denied, 479 U.S. 876 (1986). " 'An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.' " Id. (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)). See also In re Salem Mortgage Co., 783 F.2d 626, 634 (6th Cir.1986).
 
 
 12
 In his complaint filed in the bankruptcy court, Coffey sued the officers, directors, and shareholders of the corporate debtor PSLJ both in their individual capacity and as officers and directors of the corporation. To the extent that Coffey has sued appellees in their individual capacity, a successful resolution of his claims would result only in personal liability of the appellees. Because Coffey's claims against the individual officers and directors could not possibly affect the assets of the debtor or otherwise impact on the administration of the bankrupt estate, these claims cannot be "related to" the bankruptcy proceeding of PSLJ.
 
 
 13
 To the extent that Coffey has sued the appellees in their capacity as officers and directors of the corporation, any successful judgment against them would presumably be imputed to the corporation.[4] In such event, the alternative claims asserted by Coffey are actually directed against the corporate debtor. Claims against the debtor have been severed and are presently being litigated in the bankruptcy court. If successful, Coffey's claims against the debtor will be administered as a part of the bankruptcy estate.
 
 
 14
 Were the state court action not still pending, we would be concerned that Coffey might be unfairly prejudiced by the result reached here. It was the bankruptcy judge who directed that plaintiff's action, already filed in state court, should be dismissed by Coffey and that such suit should be litigated in the bankruptcy court. In lifting the stay, the bankruptcy judge invited Coffey to institute an adversary proceeding in the bankruptcy court. However, after Coffey had complied with this direction, the bankruptcy court later ruled that it did not have jurisdiction over his claims asserted against the individual defendants. Had Coffey previously dismissed his state court action in reliance on the earlier order of the bankruptcy court, he then would have had no forum available for prosecuting his claims against appellees.
 
 
 15
 Fortunately, in an odd turn of events, Coffey never complied with the bankruptcy court's order to dismiss the suit filed by him in the Circuit Court for Baltimore City. During oral argument, Coffey's counsel advised that the state court action had never been dismissed but had merely been stayed. Since we agree with the bankruptcy court's determination that it did not have subject matter jurisdiction over the claims asserted by Coffey against the individual defendants, the bankruptcy court should now lift the Sec. 362(a) stay to permit Coffey's claims to go forward in state court. Because the state court action was never dismissed, Coffey will not suffer any prejudice if he is now permitted to proceed in a forum in which jurisdiction clearly exists. Once the stay is lifted, Coffey may pursue his claims against appellees in the Circuit Court for Baltimore City where he would be entitled to a jury trial.
 
 
 16
 Since we conclude that the bankruptcy court did not have subject matter jurisdiction over the claims asserted by appellant against appellees, the judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 When the bankruptcy court permitted Coffey to file such amended complaint, it in effect severed his claims against the debtor from his claims against the individual officers and directors
 
 
 [2]
 Coffey has not appealed that portion of the district judge's determination that his claims against the Jacobs defendants were not within the subject matter jurisdiction of the bankruptcy court
 
 
 [3]
 Appellees have contested Coffey's right to appeal to this Court that aspect of the bankruptcy court's judgment which held that it lacked subject matter jurisdiction over Coffey's claims against the appellees. Appellees point out that Coffey did not address this issue in the briefs filed with the district court. However, whether a federal court has subject matter jurisdiction is a critical threshold issue which can and should be raised by a court at any time. See Clark v. Paul Gray, Inc., 306 U.S. 583, 588-90 (1939). Whether or not the district court had an opportunity to decide the issue, we will undertake to address the jurisdictional question which has clearly been raised in this Court
 
 
 [4]
 It is well established in the State of Maryland that the fraud or deceit of officers, directors and agents of a corporation, committed in the course of their employment and for the benefit of the corporation, may be imputable to the corporation. See, e.g., Purdum v. Edwards, 155 Md. 178, 183-85 (1928); Wheaton Dodge City, Inc. v. Baltes, 55 Md.App. 129, 132 (1983); see also Embrey v. Holly, 293 Md. 128, 136 (1982)