Jennifer L. WHITE, Plaintiff,

v.

CMA CONSTRUCTION CO., INC. and Joseph McNeal, Defendants.

Civil Action No. 2:96cv947.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 6, 1996.

Beverly Ann Rebar, Lisa Palmer O'Donnell, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, for Plaintiff.

Clement Jay Robbins, Robert Wayne Nunnally, Nunnally & Robbins, Norfolk, VA, for Defendants..

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is currently before the court on Defendant CMA Construction Co., Inc.'s ("CMA") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Defendant Joseph McNeal's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. For the reasons stated below, these motions are DENIED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Jennifer L. White was hired by CMA on August 28, 1995, to serve as a secretary. Plaintiff contends that McLean, CMA's President, soon began making unwelcome and offensive sexual advances towards her and often made lewd and suggestive comments about her. This behavior allegedly continued until plaintiff quit her job at

CMA on November 10, 1995. On January 17, 1996, she filed a complaint with the Equal Employment Opportunity Commission. She received a right to sue letter on August 8, 1996.

Plaintiff filed her Complaint in this action on September 27, 1996, and charges defendants with sexual harassment and gender discrimination in the workplace. On October 30, 1996, Defendant CMA moved to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Defendant McNeal moved to dismiss to failure to state a claim pursuant to Rule 12(b)(6). Plaintiff filed her Response on November 8, 1996.

## II. DISCUSSION

### A. CMA's Rule 12(b)(1) Motion

#### 1. Standard of Review

With regard to CMA's 12(b)(1) motion challenging jurisdiction, the burden is on plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure may attack subject matter jurisdiction in two different ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. If such is the case, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.*

On the other hand, a Rule 12(b)(1) motion may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977); *see Adams*, 697 F.2d at 1219. In this case, CMA's 12(b)(1) motion falls into this latter category. The defendant's jurisdictional argument is based on the fact that CMA does not constitute an "employer" within the meaning of 42 U.S.C. § 2000e(b). Be-cause the trial court's jurisdiction, "its very power to hear the case," *Mortensen*, 549 F.2d at 891, is at issue in such a 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. *Adams*, 697 F.2d at 1219; *Mortensen*, 549 F.2d at 891. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

#### 2. Analysis

CMA insists that plaintiff's suit, which is brought pursuant to 42 U.S.C. § 2000e *et seq.*, must fail because CMA is not an "employer" as that term is defined by 42 U.S.C. § 2000e(b), and thus that this court lacks subject matter jurisdiction. Because CMA's proffered evidence does not support the defendant's contention, however, the court DENIES CMA's motion.

The anti-discrimination laws contained in 42 U.S.C. § 2000e *et seq.*, apply to "employers," which are defined as

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . .

42 U.S.C. § 2000e(b). CMA insists that it did not employ a sufficient number of people to come under the Act. In support of this assertion, CMA attaches to its memorandum copies of 1995 tax returns and handwritten company notes which purport to establish that the defendant did not hire fifteen or more individuals in each of twenty or more calendar weeks in 1995 or 1996.

The court finds CMA's photocopied tax returns and handwritten notes, which are not presented by affidavit, to be unimpressive for reasons both factual and legal. As a factual matter, CMA's evidence is ambiguous. The tax records do not provide any assistance in determining how many persons CMA employed during particular weeks; rather, the forms list what is presumably a monthly average employment figure.

CMA's alternative means of support consists of handwritten charts which appear to track the number and identity of CMA's workforce during 1995 and part of 1996. Even if these notes did constitute persuasive evidence of CMA's true size, they fail as a legal matter to support the defendant's assertion that it is not a section 2000e(b) "employer." That section defines an employer as having fifteen or more employees "in the current or preceding calendar year." "Current calendar year" is defined as the year in which the alleged harassment occurred. *Dumas v. Town of Mount Vernon*, 612 F.2d 974 (5th Cir.1980). Thus the relevant inquiry in this case concerns the number of CMA employees during the years of 1995 and 1994. CMA's charts indicate, at most, that CMA would count as an "employer" for the purposes of 1996 but not for 1995; CMA offers no evidence for 1994. In light of the fact that CMA does not rebut with verified evidence plaintiff's specific allegation concerning the number of CMA employees, CMA's motion to dismiss is DENIED.

### B.  McNeal's Rule 12(b)(6) Motion

#### 1.  Standard of Review

McNeal's 12(b)(6) motion requires the court to accept the factual allegations in the complaint and construe them in the light most favorable to the plaintiff as the non-moving party. *E.g., Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). The claim should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff can prove no facts in support of the claims which would entitle the plaintiff to relief. *Id.; see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A court should not dismiss a complaint even if it appears on the face of the pleadings that the chance of "recovery is remote and unlikely." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In ruling on a 12(b)(6)

motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

#### 2.  Analysis

McNeal asserts that he is not an "employer" of plaintiff and hence contends that plaintiff's complaint against him should be dismissed.[1] Because the court finds that McNeal might satisfy section 2000e(b)'s definition of "employer," however, the defendant's Rule 12(b)(6) motion is DENIED.

Although McNeal's terse motion does not allude to it, courts in this circuit are split regarding the extent to which an individual employee-supervisor can be held personally liable pursuant to Title VII. This controversy concerns the extent to which *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994) (holding that an individual cannot be liable as an "employer" under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*), eviscerated the holding of *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), *vacated in part*, 900 F.2d 27 (1990) (interpreting Title VII and declaring that an individual qualifies as an employer "if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment"). In the past two years, district courts have grappled with the issue of whether the logic underlying *Birkbeck*'s holding, which shielded individuals from ADEA liability, should control when interpreting Title VII's similar definition of "employer." *See, e.g., Benson v. Sentara Health System*, 939 F.Supp. 1220, 1226 (E.D.Va.1996) (finding that, while "individual capacity suits are [still] permissible under Title VII, such suits are the exception rather than the rule"); *Causey v. Balog*, 929 F.Supp. 900 (D.Md.1996) (questioning the

---

**1.** McNeal also suggests that the claim against him should be dismissed on the grounds that plaintiff has not pled sufficient facts alleging that he is an agent of CMA. The court rejects this assertion and finds that plaintiff's Complaint is sufficient for purposes of Rule 8(a) of the Federal Rules of Civil Procedure.

continued relevance of *Paroline* in the aftermath of *Birkbeck*); *Green v. Clarendon Co. School District Three*, 923 F.Supp. 829 (D.S.C.1996) (ruling that no individual liability exists for delegable duties of hiring, firing, or promotion); *Blankenship v. Warren Co., Virginia*, 918 F.Supp. 970, 973 (W.D.Va.1996) (drawing a distinction between gender discrimination and sexual harassment, and refusing to allow individual liability under Title VII for the former); *Shoemaker v. Metro Info. Services*, 910 F.Supp. 259, 265 (E.D.Va. 1996) (declaring that "*Paroline* retains its power in this Court"); *Stephens v. Kay Management Co., Inc.*, 907 F.Supp. 169, 172 (E.D.Va.1995) (noting that "several district courts in this circuit have applied the reasoning in *Birkbeck* to Title VII"); *Mitchell v. RJK of Gloucester, Inc.*, 899 F.Supp. 246, 248 (E.D.Va.1995) (expressing the belief that "the logic of *Birkbeck* should apply with equal force to Title VII claims"); *Lane v. David P. Jacobson & Co., Inc.*, 880 F.Supp. 1091, 1096 (E.D.Va.1995) (stating that "the clear implication of the decision in *Birkbeck* was that the Fourth Circuit does not support individual liability under Title VII").

While these courts may disagree about the circumstances under which a plaintiff could state a cause of action under Title VII against an individual, *Birkbeck* itself affirms that at least some ADEA suits against individuals are still viable. *See Birkbeck*, 30 F.3d at 510 n. 1 (noting that *Birkbeck*'s holding applies only to "personnel decisions of a plainly delegable character"). Even district courts which have relied on *Birkbeck* to reject Title VII claims against supervisors for illegal discrimination in hiring and firing have recognized that "sexual harassment is not 'plainly delegable,' and thus individual liability can apply in such cases." *Mitchell*, 899 F.Supp. at 248 n. 4.; *see Benson*, 939 F.Supp. at 1227 (quoting *Mitchell*); *Blankenship*, 918 F.Supp. at 973 (drawing a distinction between gender discrimination and sexual harassment, and refusing to allow individual liability under Title VII only for the former).

■ This court need not determine at this time whether *Birkbeck*'s curtailing of individual liability under the ADEA necessarily restricts Title VII's definition of "employer" in the same fashion, because plaintiff's suit against McNeal would be viable even if *Birkbeck* was a Title VII decision. In *Birkbeck*, the Fourth Circuit limited, but did not eliminate altogether, the circumstances under which an individual could satisfy the definition of "employer" under the ADEA. The court in *Birkbeck* specifically provided that the decision was only directed to "personnel decisions of a plainly delegable character." *Birkbeck*, 30 F.3d at 510 n. 1. Although the Fourth Circuit did not elaborate on when individual liability might still be allowed, *see Mitchell*, 899 F.Supp. at 248 n. 4 (noting the higher court's lack of guidance), the most persuasive reasoning is that no such liability exists for the routinely delegated duties of hiring, firing, and promotion. *E.g., id.; Benson*, 939 F.Supp. at 1227; *Green*, 923 F.Supp. at 848–49. By contrast, sexual harassment is not a plainly delegable duty and an individual can be liable under Title VII for such conduct. *Mitchell*, 899 F.Supp. at 248 n. 4; *see Benson*, 939 F.Supp. at 1226–27; *Blankenship*, 918 F.Supp. at 973.

Defendant McNeal argues that his Rule 12(b)(6) motion must be granted because, as a matter of law, he cannot be an "employer" within the meaning of 42 U.S.C. § 2000e(b). Based on the foregoing discussion, however, individual liability under Title VII can arise in cases involving sexual harassment. Because the plaintiff in the case at bar has clearly alleged instances of sexual harassment against McNeal, his Motion to Dismiss must be DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to counsel for the parties.

It is so ORDERED.