**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS D. DIRA,
Plaintiff-Appellant,

v.

No. 97-1119

JOHN M. DEUTCH, Director, Central
Intelligence Agency,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-96-990-A)

Submitted: April 7, 1998

Decided: May 26, 1998

Before ERVIN, Circuit Judge, and BUTZNER and
HALL, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edward J. Tolchin, FETTMANN, TOLCHIN & MAJORS, P.C., Fair-
fax, Virginia, for Appellant. Frank W. Hunger, Assistant Attorney
General, Helen F. Fahey, United States Attorney, Leonard Schaitman,
Wendy M. Keats, Appellate Section, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C.; John L.
McPherson, Office of General Counsel, CENTRAL INTELLIGENCE
AGENCY, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas D. Dira was terminated from his employment as an agent with the Central Intelligence Agency ("CIA"). Dira asserted that his termination and subsequent revocation of his security clearance violated sections 501 and 504 of the Rehabilitation Act [1] because they were based upon his status as a recovering alcoholic. The CIA moved to dismiss under Fed. R. Civ. P. 12(b)(1), contending that Dira's employment was terminated and his security clearance revoked because his psychological profiles indicated that he was no longer fit for duty. After briefing and a hearing on the matter, the district court found that since Dira's employment was terminated for legitimate security reasons, it lacked subject matter jurisdiction to review the merits of his complaint. Finding no reversible error, we affirm.

A Rule 12(b)(1) motion to dismiss may be supported by a party's assertion that, based on extrinsic evidence outside of the pleadings, the court lacks subject matter jurisdiction.[2] When such "factual" challenges are asserted, a trial court may go beyond the allegations of the complaint, weigh the evidence, and satisfy itself as to its jurisdiction to hear the case. Contrary to Dira's contention, the district court, in assessing the sufficiency of the jurisdictional allegations, was not required to convert the Rule 12(b)(1) evidentiary hearing to a summary judgment proceeding.[3] Exercising plenary review over issues raised under Rule 12(b)(1),[4] we conclude that the record is sufficiently developed to determine whether subject matter jurisdiction

_____

[1] See 29 U.S.C.A. §§ 791, 794 (West 1985 & Supp. 1997).
[2] See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

[3] Id.

[4] See Williams v. United States , 50 F.3d 299, 304 (4th Cir. 1995).

2

exists. Thus, we find that the district court did not abuse its discretion by denying Dira the opportunity to conduct additional discovery.[5]

For the foregoing reasons, we affirm the district court's order dismissing Dira's complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
[5] **See Thigpen v. United States**, 800 F.2d 393, 396-97 (4th Cir. 1986), overruled on other grounds, Sheridan v. United States, 487 U.S. 392 (1988).

3