Reverend John M. KING, Plaintiff,

v.

RIVERSIDE REGIONAL MEDICAL CENTER, M. Caroline Martin, Larry Boyles, William Downey, and Deborah Sullivan–Yates, Defendants.

No. 4:02CV46.

United States District Court,
E.D. Virginia,
Newport News Division.

July 31, 2002.

780

John M. King, Newport News, VA, for Plaintiff pro se.

Robyn H. Hansen, Jones, Blechman, Woltz & Kelly, Newport News, VA, for Defendants.

## MEMORANDUM OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), by defendants Riverside Regional Medical Center, M. Caroline Martin, Larry Boyles, William Downey, and Deborah Sullivan–Yates. The motion was filed on June 11, 2002. Plaintiff, who is proceeding *pro se*, was advised in accord with Local Rule 7(J) and *Roseboro v. Garrison*, 528 F.2d 309 (1975), that he is entitled to file a response to defendants' dispositive motion and that the court could dismiss the action on the basis of defendants' motion. However, plaintiff has not filed a response. Such response was due on July 1, 2002. Accordingly, the matter is now ripe for review.

### Factual and Procedural History

On April 24, 2002, plaintiff filed a complaint, motion for a temporary restraining order, and motion for injunctive relief against defendants. He attempted to invoke federal jurisdiction pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On May 8, 2002, this court entered an Order requiring plaintiff to provide a basis for federal court jurisdiction before the court would proceed with the case. On May 29, 2002, plaintiff filed a First Amended Complaint, motion for a temporary restraining order, and motion for injunctive relief. In the First Amended Complaint, plaintiff invokes federal subject matter jurisdiction pursuant to 42 U.S.C. § 5309(a), the remedial provision under the Housing and Community Development Act of 1974, 42 U.S.C. § 5301 *et seq.* (the "HCDA"), and he invokes supplemental jurisdiction under the Virginia Human Rights Act, Va.Code § 2.2–3900 *et seq.* On June 11, 2002, defendants filed a motion to dismiss, pursuant to Rule 12(b)(1), with a supporting affidavit. Plaintiff has not responded.

Plaintiff alleges that he applied and was accepted into the Riverside School of Professional Nursing, a division of the Riverside Regional Medical Center. Plaintiff further alleges that before classes began, he was dropped from the program due to his religious affiliation with the World Church of the Creator.

### Analysis

A motion under Rule 12(b)(1) may attack subject matter jurisdiction in two different ways. Defendants may contend either that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or that the jurisdictional facts alleged in the complaint are untrue. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In both situations, the burden is on plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct.

780, 80 L.Ed. 1135 (1936); *Adams*, 697 F.2d at 1219.

■ In the first type of 12(b)(1) motion to dismiss, the defendant attacks the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Id.* If this type of attack is made, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials. *Id.* The defendants should prevail only if entitled to do so as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

■ Alternatively, the second way to attack subject matter jurisdiction is to argue that the jurisdictional facts in the complaint are simply not true. This type of Rule 12(b)(1) motion attacks "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F.Supp. 231, 233 (E.D.Va.1996) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). When presented with this type of argument, no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims. *Arthur Young & Co. v. City of*

*Richmond*, 895 F.2d 967, 971 n. 4 (4th Cir.1990); *White*, 947 F.Supp. at 233.

Defendants' move to dismiss plaintiff's First Amended Complaint based on the first type of argument discussed above. Defendants argue that the allegations in the pleadings are insufficient to invoke federal court jurisdiction because (1) the First Amended Complaint does not allege any of the defendants receive federal funds under the statute plaintiff attempts to use to invoke jurisdiction, 42 U.S.C. § 5309(a),[1] and (2) there is no private right of action that would allow the court to hear a claim brought by a private citizen to enforce 42 U.S.C. § 5309(a).

Plaintiff has alleged the court has subject matter jurisdiction pursuant to 42 U.S.C. § 5309(a), the remedial provision of the HCDA. Section 5309(a) states:

(a) No person in the United States shall on the ground of race, color, national origin, religion, or sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination *under any program or activity funded in whole or in part with funds made available under this chapter.* Any prohibition against discrimination on the basis of age under the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 *et seq.*] or with respect to an otherwise qualified handicapped individual as provided in section 794 of Title 29 shall also apply to any such program or activity.

42 U.S.C. § 5309(a) (emphasis added). Section 5309 is the nondiscrimination requirement for community development

---

1. Defendants further argue that the reason plaintiff did not allege defendants receive funding under 42 U.S.C. § 5309(a) is because they do not, and they submitted an affidavit from John T. McDonough, Executive Vice President and Treasurer of Riverside Healthcare Association, d/b/a Riverside Health System, indicating that neither the Riverside School of Professional Nursing nor Riverside

Regional Medical Center receive funding under 42 U.S.C. § 5309(a). However, given the posture of defendants' 12(b)(1) argument— that the First Amended Complaint lacks facts necessary to support federal court jurisdiction—this court does not consider or rely on the affidavit in its ruling. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

funds allocated under Chapter 69 of the United States Code. The goal of community development funding provided in the chapter is "the development of viable urban communities, by providing decent housing and a suitable living environment and expanding economic opportunities, principally for persons of low and moderate income." 42 U.S.C. § 5301(c).

Even viewing plaintiff's pleadings in the light most favorable to him, and even granting him appropriate consideration as a *pro se* litigant,[2] plaintiff does not allege sufficient facts to provide this court with subject matter jurisdiction under 42 U.S.C. § 5309(a). Plaintiff does not allege that any of the defendants receive any funding under the HCDA, and the court only has jurisdiction over plaintiff's allegations under the remedial provision of the HCDA if the defendants receive HCDA funding.

■ Plaintiff alleges that "[d]efendant Riverside Regional Heath System [*sic* ] receives Federal funding for its Nursing School. Riverside School of Professional Nursing participates in the following Federal educational programs: Pell Grant and Stafford Guaranteed Student Loan Program." (First Amended Complaint, at 3 ¶ 9.) Neither Federal Pell Grants nor Stafford Loans are funding under the HCDA. Federal Pell Grants are authorized and distributed under 20 U.S.C. § 1070a *et seq.,* and Federal Stafford Loans are established under 20 U.S.C. § 1071 *et seq.* Thus, even assuming plaintiff is correct that Riverside School of Professional Nursing participates in the Federal Pell Grant and Federal Stafford Loan programs, such participation does not bring any of defendants within the HCDA nondiscrimination statute, 42 U.S.C. § 5309(a).

Because plaintiff did not allege sufficient facts to support federal jurisdiction, the court **DISMISSES** Count I of plaintiff's First Amended Complaint. Defendants also argue that the court does not have subject matter jurisdiction because no provision of 42 U.S.C. § 5309 confers a private right of action. Given this court's ruling on the insufficiency of the allegations in plaintiff's pleadings, the court does not need to rule on the merits of this argument. However, the court notes that the First Circuit has addressed this exact issue and ruled that there is no private right of action under 42 U.S.C. § 5309. *See Latinos Unidos De Chelsea v. Secretary of Housing,* 799 F.2d 774, 793–95 (1st Cir.1986).

■ Plaintiff's First Amended Complaint includes a second count, violation of the Virginia Human Rights Act, that he brings invoking supplemental jurisdiction. As a state law claim, plaintiff's Count II is not within the original jurisdiction of this court; rather, the court has the discretion to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." Defendants' motion to dismiss has been granted on Count I, the only count over which plaintiff alleged this court had original jurisdiction. Therefore, the court finds it prudent to decline to exercise supplemental jurisdiction over the state law claim in Count II. *See, e.g., Johnson v. Quinones,* 145 F.3d 164, 170 n. 4 (4th Cir.1998) (finding a district court does not abuse its discretion in declining to exercise supple-

---

**2.** Because plaintiff is proceeding *pro se,* the court reviews his pleadings with appropriate consideration. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978).

mental jurisdiction over state law claims after it dismissed the federal claim).

Because the court declines to exercise supplemental jurisdiction, the court **DISMISSES** plaintiff's Count II, without prejudice to plaintiff's right to pursue this claim in state court.

### Conclusion

For the reasons set forth above, the court **GRANTS** defendants' motion to dismiss plaintiff's First Amended Complaint in its entirety. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to plaintiff and counsel for defendants.

Plaintiff is advised that he may appeal from this Memorandum Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The written notice must be received by the Clerk within thirty (30) days from entry of judgment.

**IT IS SO ORDERED.**