Jennifer RIVERA, Plaintiff,

v.

GUILFORD COUNTY, Guilford County
Department of Social Services,
Defendants.

No. 1:02 CV 00668.

United States District Court,
M.D. North Carolina.

Sept. 29, 2003.

Nancy Pulliam Quinn, Quinn Law Firm, Greensboro, NC, for Jennifer Rivera.

Kevin W. Whiteheart, Office of Guilford County Atty., Greensboro, NC, Mercedes O. Chut, Galloway Pfaff Kimmel & Chut, Greensboro, NC, for Guilford County, Guilford County Dept. of Social Services.

Thomas M. Woodward, N.C. Dept. of Justice, Raleigh, NC, for N.C. Dept. of Health and Human Services.

### MEMORANDUM OPINION and ORDER

OSTEEN, District Judge.

Plaintiff Jennifer Rivera brings this action against Defendants Guilford County ("the County") and the Guilford County Department of Social Services ("the Department") for failing to accommodate her disability and terminating her on the basis of that disability, and for intentional and negligent infliction of emotional distress. The matter is currently before the court on Defendants' motion to dismiss under Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The following facts are taken from the amended complaint and amended answer: Plaintiff held several positions during her employment at the Department.[1] She had an "excellent working relationship" with Defendants. (Am.Compl.¶ 10.) In the fall of 2000, however, Plaintiff's employment situation changed for the worse. Plaintiff requested a transfer to the adult services division. She experienced difficulties working under her new supervisor because of problems with the "performance of paperwork." (Id.) Plaintiff attributed these problems to her learning disability. She alerted Defendants to her disability by requesting assistance with her written communications (i.e., the addition of spell check and grammar check options to her computer). Plaintiff alleges that Defendants failed to make these accommodations and fired her in retaliation for making the request.

Plaintiff timely filed a complaint with the EEOC within 180 days of the alleged discriminatory action. She instituted this action within 90 days of receiving her right-to-sue letter from the EEOC. Plaintiff seeks monetary damages for lost wages and benefits, reinstatement, injunctive and declaratory relief, and attorney's fees.

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's claims for lack of personal and subject matter jurisdiction and for failure to state a claim.[2]

---

1. Plaintiff alleges that the North Carolina Department of Health and Human Services ("DHSS") and the County were her employers as well. Plaintiff's claims against Defendant DHSS were voluntarily dismissed on June 13, 2003.

2. Because the court will order further briefing on the threshold issue of subject matter jurisdiction, a decision on Defendants' argument that Plaintiff fails to state a claim upon which relief can be granted will be held in abeyance.

■ When a defendant's motion to dismiss challenges a federal court's subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that such jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). A court should dismiss an action for want of federal subject matter jurisdiction " 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' " *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)). In ruling on a motion to dismiss for lack of jurisdiction, the court may consider materials beyond the bare pleadings. *Evans*, 166 F.3d at 647, n. 3.

III.  ANALYSIS

■ At the outset, the court will address Defendants' contention that the Department is not a proper object of Plaintiff's claims. Defendants argue that the Department does not have the capacity to be sued. In addition, Defendants assert that "there is no such entity as the ... 'Guilford County Department of [S]ocial Services' ...." (Defs.' Br. Supp. Mot. Dismiss at 4.) The Board of Social Services, Defendants argue, is the legal entity that should have been sued because it serves as the governing body of the Department according to section 108A–9 of the North Carolina General Statutes.

Defendants do not cite any authority other than North Carolina General Statute § 108A–9 to support this contention. Section 108A–9, entitled "Duties and responsibilities," enumerates five roles of the county board of social services: (1) select the county director of social services according to state personnel rules; (2) advise county authorities in developing social policy plans; (3) consult with the county director of social services about problems within the department and its budget; (4) present the department's budget for social services to the board of county commissioners; and (5) perform duties assigned by the General Assembly, DHHS, the Social Services Commission, or the board of county commissioners. N.C. Gen.Stat. § 108A–9. None of these provisions indicate that a county's department of social services, such as the North Carolina Department of Health and Human Services in the case at hand, is not an entity. The court is not aware of any authority to support Defendants' contention that the Board of Social Services should have been sued in lieu of the Department. In the light most favorable to Plaintiff, the Department was one of the employers alleged to have violated the Americans with Disabilities Act ("ADA").

■ The Eleventh Amendment of the United States Constitution generally bars lawsuits against the states. Sovereign immunity bars claims by individuals against a state in federal court, regardless of the relief sought. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114, 1124, 134 L.Ed.2d 252 (1996). The Supreme Court has not extended the protection of sovereign immunity to counties and similar municipal corporations. *See, e.g., Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. County of Burke*, 660 F.2d 111, 113–14 (4th Cir.1981) (citing Fed.R.Civ.P. 17(b)). North Carolina law expressly provides that a county is a legal entity which may sue and be sued. N.C. Gen.Stat. § 153A–11. Thus, Guilford County may be sued in federal district court in North Carolina.

Having found that both the County and the Department may be sued, the court

must decide whether it may exercise subject matter jurisdiction over the entire matter. This threshold issue turns on whether the Department is merely an extension of the county or an arm of the State. *Doyle*, 429 U.S. at 280, 97 S.Ct. at 572. If the Department is an extension of the county, then the Eleventh Amendment does not protect the Department from suit. If the Department is an arm of the State, then sovereign immunity bars Plaintiff's claims. "The answer depends, at least in part, upon the nature of the entity created by state law." *Id.*

■ The Fourth Circuit has looked to several factors in analyzing whether a particular department is a state or county entity for Eleventh Amendment purposes. In *Keller v. Prince George's County*,[3] the court examined four factors: "the characterization of the Department under state law; the extent of state control over the Department; the extent to which it depends on state appropriations; and whether a damage award would come from state funds." *Keller*, 827 F.2d at 964. Additionally, the court noted that "[f]actors of particular importance . . . include whether the money appropriated to the Department comes primarily from state funds, and whether the local Department raises its own monies. If the Department obtains a significant amount of local appropriations, a judgment against it may not effect state coffers." *Id.*

■ The first two factors, the characterization of the Department under state law and the extent of state control over the Department, apparently can be ascertained by referring to Section 108A *et seq.* of the North Carolina General Statutes. State law appears to characterize each local department of social services as a county entity. *See* N.C. Gen.Stat. § 108A–1

("Every county shall have a board of social services . . . ."). The state and the county appear, however, to exert equal control over the Department. *See, e.g.*, N.C. Gen. Stat. § 108A–3 ("The [county] board of commissioners shall appoint one member [to the county board of social services] . . . the [state] Social Services Commission shall appoint one member . . . .").

The two remaining factors, the extent to which the Department depends on state funding and the payer of a potential award of damages, are murky issues for the court to decide without further briefing. Besides one affidavit attesting to the Department's insurance coverage, there is no record before the court concerning the Department's source of funds or whether a judgment against the Department would have any effect on state coffers. The court's predicament is similar to the one in *Shell v. Wall*,[4] in which the court recognized, *sua sponte*, that it might not have subject matter jurisdiction over claims against the Iredell County Department of Social Services. In that case, the court allowed the parties multiple opportunities to present information about funding and payment of damage awards. *Shell*, 808 F.Supp. at 482.

Because a motion to dismiss based on lack of subject matter jurisdiction can be decided on materials outside the pleadings, the court will allow the parties 30 days to present additional information illuminating the four factors outlined in *Keller* before it makes a final determination on Defendants' motion to dismiss.

IT IS ORDERED that the parties shall have thirty (30) days from the date of the entry of this order in which to submit

---

3.  827 F.2d 952 (4th Cir.1987).

4.  808 F.Supp. 481 (W.D.N.C.1992).

briefs addressing the subject matter jurisdiction of the court.