Patrice **WALKER, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF THE ARMY, Defendant.**

No. Civ.A. 4:98cv73.

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 30, 1999.

Patrice Walker, Yorktown, VA, pro se.

George M. Kelley, III, United States Attorney's Office, Norfolk, VA, for defendant.

## ORDER AND OPINION

DOUMAR, District Judge.

Presently before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant, the United States Department of the Army ("the Army"). For the reasons stated below, Defendant's Motion is **GRANTED.**

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Capt. Donald F. Walker ("Capt.Walker") entered active duty with the United States Air Force on January 6, 1981. In order to treat various health complaints, the Tripler Army Medical Center ("TAMC") in Honolulu, Hawaii admitted Capt. Walker from April 4, 1996 until April 10, 1996, and again from April 25, 1996 to April 27, 1996. Capt. Walker also received treatment intermittently from TAMC on an outpatient basis from April 3, 1996 to May 2, 1996.

On May 4, 1996, Capt. Walker was transferred from Hickam Air Force Base, Hawaii to Wilford Hall in Lackland, Texas, via Travis Air Force Base, California, for evaluation for possible liver transplantation. During the transfer, Capt. Walker experienced severe medical complications. As a result, while at Travis Air Force Base, on May 6, 1996 the Air Force medically retired Capt. Walker and placed him on the Temporary Disability Retired List. On May 9, 1996, Capt. Walker was transported to Wilford Hall, where he died on May 18, 1996.

On July 25, 1997, Plaintiffs Patrice, Donald, and DeWayne Walker, the wife and sons of Capt. Walker respectively, submitted a medical malpractice claim to the Army. The Army rejected the claim by letter on December 9, 1997

Subsequently, Plaintiffs filed this wrongful death and survivor action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, for alleged negligence and medical malpractice associated with Capt. Walker's treatment at TAMC. Plaintiffs allege that TAMC personnel twice failed to properly diagnose Capt. Walker's medical condition, resulting in his death. Plaintiffs seek damages for decedent's pain, mental anguish, permanent disability and death, as well as for their own mental anguish, loss of wages, and loss of fellowship and/or consortium.

On August 19, 1999, the Court held a hearing to consider Defendant's motion.

## II. *PRELIMINARY MATTERS*

### A. Amendment of the Pleadings

■ At the hearing, Plaintiffs sought leave of court to amend the complaint in two respects. First, in addition to her personal capacity, Patrice Walker sought to be added as a Plaintiff in her capacity as personal representative of Capt. Walker's estate in order to proceed for the benefit of Capt. Walker's heirs. Second, Plaintiffs sought to substitute the United States as defendant in place of the Army.

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading is filed, a plaintiff may only amend the pleadings by leave of court or by written consent of the adverse party. Under Rule 15(a), leave should be "freely given" in the absence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Defendant has filed an answer to Plaintiffs' complaint, therefore Plaintiffs must seek leave of court to amend. Since the Court found no bad faith, prejudice or undue delay in Plaintiffs effort to amend the complaint, the Court granted leave to amend. Patrice Walker was added as a plaintiff in her capacity as personal representative, and the United States was substituted for the Army as Defendant.

### B. Dismissal of Plaintiffs Donald and DeWayne Walker

Also at the hearing, Plaintiffs moved to voluntarily dismiss without prejudice Donald and DeWayne Walker as Plaintiffs pursuant to Federal Rule of Civil Procedure 41(a)(2). Under Rule 41(a)(2), an action may be dismissed upon order of the court under "such terms and conditions as the court deems proper." Without objection from Defendant, the Court granted Plaintiffs' request and Donald and DeWayne Walker were dismissed from the action without prejudice. Patrice Walker re-mained as Plaintiff both in her individual capacity and as personal representative of Capt. Walker's estate.

## III. *DEFENDANT'S MOTION TO DISMISS*

The Army has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The Army alleges that the Court is without subject matter jurisdiction because Plaintiffs' action is barred by the *Feres* doctrine.

### A. Standard of Review

■ In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). There are two ways in which a defendant may present a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. First, a defendant may attack the complaint on its face and assert that the complaint "simply fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

■ Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See id.; White v. CMA Constr. Co., Inc.*, 947 F.Supp. 231, 233 (E.D.Va.1996); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. This is the sub-

ject matter jurisdictional attack made in the present case, as Defendant asserts that the Plaintiffs' action is barred by the *Feres* doctrine.

## B. The Feres Doctrine

As sovereign, the United States is immune from suit except as it consents to be sued. In granting this consent, the United States may define the terms and conditions upon which it may be sued. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). These terms and conditions define the parameters of a federal court's jurisdiction to hear suits brought against the United States. *Id.*

Under the FTCA, Congress has "waived the sovereign immunity of the United States for certain torts that otherwise could be proved against it." *Minns v. United States*, 155 F.3d 445, 448–49 (4th Cir.1998). The FTCA does not create a new cause of action, but merely government liability for circumstances that would otherwise "bring private liability into existence." *Id.* (quoting *Feres v. United States*, 340 U.S. 135, 141, 71 S.Ct. 153, 95 L.Ed. 152 (1950)). Specifically, the FTCA makes the United States liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, despite the seemingly broad language of the FTCA, government liability under the FTCA is limited in the military context. Namely, a soldier can not recover under the FTCA for injuries which "arise out of or in the course of activity incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159.

The Court in *Feres* offered two rationales for barring tort actions against the United States by soldiers. First, the Court feared "that the 'distinctively federal' relationship between the government and its soldiers would be undermined by holding military personnel accountable under the variations in state tort law according to the situs of the alleged tort." *Appelhans v. United States*, 877 F.2d 309, 311 (4th Cir.1989) (quoting *Feres*, 340 U.S. at 142–44, 71 S.Ct. at 157–58). In addition, the Court reasoned that the comprehensive system of statutory benefits granted to service members must have been intended by Congress to be the sole remedy for service-related injuries. *Feres*, 340 U.S. at 144, 71 S.Ct. at 158. Since *Feres*, the Court has offered as a third rationale for the bar against suits by soldiers the belief that frequent judicial inquiry into military decision making would have a deleterious impact on military decision making and effectiveness. *See Appelhans*, 877 F.2d at 311 (citing *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), and *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985)).

Since *Feres*, it has become "well established that receipt of medical care in military facilities by members of the military on active duty is 'activity incident to service.'" *Kendrick v. United States*, 877 F.2d 1201, 1203 (4th Cir.1989); *see also Appelhans*, 877 F.2d at 311 ("The fact that [plaintiff's] injury occurred as a result of medical treatment by military doctors ... conclusively demonstrates that that injury was 'incident to service.'").

■ In the present case, Plaintiffs allege that the Army was negligent in its care for Capt. Walker while he was being treated at TAMC in Hawaii. At the time of the alleged negligence, Capt. Walker was an active-duty member of the Air Force. Plaintiffs do not allege that any acts of negligence or malpractice occurred after Capt. Walker had been medically retired. Therefore, based on the rationale of *Kendrick* and *Appelhans*, Capt. Walker's treatment at TAMC was necessarily "incident to service." As such, had Capt. Walker survived, any action he may have brought based upon the negligence of TAMC personnel would have been barred by the *Feres* doctrine. Accordingly, any survivor action brought by Capt. Walker's estate must also be barred by *Feres*.

However, Plaintiffs seek to recover more than just those damages Capt. Walker

could have received for pain and mental anguish had he survived. Under a wrongful death theory Plaintiffs also seek to recover for their own mental anguish, loss of wages, and loss of fellowship and/or consortium arising from Capt. Walker's death. While the difference between the two theories of recovery is conceptually different, the results reached by the two theories under the *Feres* doctrine are the same.

The justifications that have been used to bar suits by soldiers against the United States have also been used to justify a bar on non-servicemen's suits which are derivative of or ancillary to the servicemen's injuries. "Courts ... have widely ruled that FTCA relief is not available to family members for claims based on the injuries to their relatives in the armed forces...." *Gaspard v.. United States,* 713 F.2d 1097, 1102 (5th Cir.1983). The reason for this extension is that "non-servicemen's suits would require courts to engage in exactly the same intrusion into military decisions as would servicemen's suits ... [and] would pose almost as many problems-judicially and militarily-as would a serviceman's suit over the same issue." *Minns,* 155 F.3d at 449. Accordingly, the Fourth Circuit has adopted the "genesis" test for determining whether a non-serviceman's suit is barred by *Feres. See id.* Under this test, a non-serviceman's suit is barred if the injury for which he seeks recovery "finds its 'genesis' in the injury suffered by a serviceman incident to service ..." *Id.* In other words, "if the non-serviceman's suit is based on the same facts as the potential serviceman's suit or the non-serviceman's suit could not have happened 'but for' the serviceman's cause of action ... the Feres doctrine precludes the suit." *Id.*

In *Hartline v. United States,* No. 92–1252 (D.Md.1992), a serviceman's wife brought a wrongful death and survivor action under the FTCA on behalf of herself and her minor children, claiming that Army physicians had negligently treated her husband's cerebral tumor. The District Court for the District of Maryland, Balti-more Division, Joseph H. Young, Senior District Judge, granted the Government's motion for summary judgment on *Feres* grounds, and the Fourth Circuit affirmed in an unpublished per curiam opinion. This decision in *Hartline* is consistent with the Fifth, Sixth and Ninth Circuits, which have also held *Feres* to bar wrongful death and survivor actions. *See Hata v. United States,* 23 F.3d 230, 235 (9th Cir.1994) ("the incident to service exclusion bars not only subsequent claims for medical malpractice but wrongful death claims by family members as well"); *Satterfield v. United States,* 788 F.2d 395 (6th Cir.1986); *Jones v. United States,* 729 F.2d 326 (5th Cir.1984).

Plaintiff has not asserted any acts of negligence outside of those involving TAMC's care for Capt. Walker. Plaintiffs' action finds its "genesis" in the alleged injury suffered by Capt. Walker incident to service. Indeed, "but for" the alleged injury suffered by Capt. Walker incident to military service, Plaintiffs would not have a cause of action. Accordingly, Plaintiffs' action is barred by the *Feres* doctrine.

## IV. *CONCLUSION*

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED.** The Clerk of the Court is **DIRECTED** to forward copies of this Order to all counsel of record.

**IT IS SO ORDERED.**