**Victor A. MOTLEY, Plaintiff,**

v.

**VIRGINIA STATE BAR and Supreme Court of Virginia, Defendants.**

**No. CIV.A. 305CV427.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 22, 2005.

---

Victor A. Motely, Pro Se Plaintiff.

Peter R. Messitt, Esquire, Office of the Attorney General, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

This matter is before the Court on the MOTION TO DISMISS (Docket No. 5) filed by the Virginia State Bar ("VSB") and the Supreme Court of Virginia under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). The plaintiff is Victor A. Motley ("Motely"), a Virginia lawyer whose license to practice has been revoked. For the reasons set forth below, the motion to dismiss is granted under Fed.R.Civ.P. 12(b)(1).

### STATEMENT OF FACTS

Under Virginia law, the Supreme Court of Virginia is charged with regulating the practice of law in the Commonwealth and disciplining Virginia attorneys when necessary. *Va.Code Ann.* § 54.1–3909 (2005). To that end, the Virginia State Bar serves as an administrative arm of the Supreme Court of Virginia for the purpose of developing and promulgating ethics regulations, and investigating, prosecuting and reporting ethics violations. *Id.* at § 54.1–3910. Prosecution of misconduct occurs before VSB District Committees, the VSB Disciplinary Board or, under alternative procedures not at issue here, a state circuit court. *Id.* at 54.1–3935; *see generally R. of Va. Sup.Ct.* Pt. 6 § 4 ¶ 13 (Procedure for Discipline, Suspending, and Disbarring Attorneys).

On March 28, 2003, following certification of Charges of Misconduct by the Third District Committee of the Virginia State Bar and a hearing, which Motley

attended, before the Virginia State Bar Disciplinary Board (the "Board"), the Board revoked Motley's license to practice law in Virginia. *Order,* April 22, 2003, VSB Nos. 00–032–0680, 01–032–3160. Motley appealed the order to the Supreme Court of Virginia, which affirmed the Board's order of revocation. *Compl.* ¶ 3 (Docket No. 1).

In a four page complaint (entitled "BILL OF COMPLAINT" (Docket No. 1)), augmented by an appended 41 page MEMORANDUM OF LAW (Docket No. 2), Motley attacks the jurisdiction of, and the factual and legal conclusions made by, the VSB District Committee and Disciplinary Board and the Supreme Court of Virginia. By way of relief, Motley asks the Court to overturn virtually every decision made by either the VSB or the Supreme Court of Virginia and then to enjoin the order revoking his license to practice law. *See* BILL OF COMPL.; MEM. OF LAW.

Defendants moved to dismiss the action for lack of jurisdiction, plead that the statute of limitations barred Motley's claims, and interposed a plea of sovereign immunity under the Eleventh Amendment of the United States Constitution. *Mem. in Supp. of Mot. to Dismiss* (Docket No. 6).

## DISCUSSION

### I. Standard of Review

■ Defendants have moved to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) challenge may take two forms: either a facial or a factual challenge to the allegations in the complaint. *See Walker v. United States Dept. of the Army,* 60 F.Supp.2d 553, 555 (E.D.Va.1999) (*citing Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). Under either form, the plaintiff bears the burden of proving that subject matter jurisdiction properly exists in

the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir.1999).

■ In deciding a facial challenge, the court accepts as true the jurisdictionally significant facts claimed by the non-moving party and then determines whether those facts are sufficient as a matter of law to establish subject matter jurisdiction. *Adams,* 697 F.2d at 1219. In contrast, in a fact-based challenge, the court must determine the veracity, rather than the sufficiency, of the non-movant's factual allegations. *Taubman Realty Group Ltd. P'ship v. Mineta,* 198 F.Supp.2d 744, 754 (E.D.Va.2002); *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 362 (1st Cir.2001) (discussing the differences between factual challenges and facial challenges). Here, the Rule 12(b)(1) motion challenges the sufficiency, rather than the veracity of Motley's jurisdictional facts. Thus, the Court accepts Motley's factual allegations as true; and, on that basis, determines whether subject matter jurisdiction exists. For the reasons set forth below, the Motion to Dismiss is granted because there is no subject matter jurisdiction.

### II. The *Rooker–Feldman* Doctrine

■ The defendants assert that the Court lacks subject matter jurisdiction over any of Motley's claims by virtue of what has become known as the *Rooker–Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine establishes the rule that federal district courts lack jurisdiction to hear constitutional claims that have been adjudicated by state courts or claims that are "inextricably intertwined with the merits of a state court's [judgment]." *Feldman,* 460 U.S. at 483 n. 16,

103 S.Ct. 1303; *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 228 (4th Cir.1997); *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir.1997) ("The *Rooker Feldman* doctrine precludes federal review of adjudications of the state's highest courts . . .").

■■■ However, "the *Rooker–Feldman* doctrine applies only where the plaintiff is seeking, in federal in court, 'review of, or relief from, a state action or *proceeding* that is essentially *judicial* in nature.'" *Edmonds v. Clarkson*, 996 F.Supp. 541, 546 (E.D.Va.1998) (*quoting Suarez*, 125 F.3d at 228 (4th Cir.1997) (emphasis in original)). Moreover, the claim raised in federal court must have actually been raised in state court or, under the "inextricably intertwined" aspect of the doctrine, the plaintiff must have had an opportunity to raise that claim during the state proceedings. *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303 ("even if a claim is not presented to a state court, or by inference is not ruled upon [even if presented], a plaintiff is not entitled to bring that claim in federal court if the claim was one that should have been brought in the state court."); *Guess v. Board of Medical Examiners*, 967 F.2d 998, 1003 (4th Cir.1992).

■■■Where these preconditions are established, a federal district court lacks subject matter jurisdiction if, to grant the plaintiff relief, "the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl*, 122 F.3d at 202 (*quoting Ernst v. Child Youth Servs. of Chester County*, 108 F.3d 486, 491 (3d Cir.1997)) (alteration in original).

In *Rooker*, the Supreme Court held that the only federal court empowered to review the judgment of a state court is the Supreme Court of the United States. 263 U.S. at 416, 44 S.Ct. 149. Thus, the Supreme Court has stated that the *Rooker–Feldman* doctrine might completely foreclose federal review of some constitutional claims. *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303 ("by failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court.").

These foundational principles inform the resolution of the motion to dismiss.

### III. The Proceedings of the Virginia Bar Association and the Decision of the Supreme Court of Virginia are Judicial in Nature

■■■ For purposes of the *Rooker–Feldman* doctrine, a proceeding is judicial in nature if the "judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *Feldman*, 460 U.S. at 477, 103 S.Ct. 1303 (*quoting Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226, 29 S.Ct. 67, 53 L.Ed. 150 (1908)). Importantly, the nature of the proceeding is determined not by the character of the body conducting the proceedings, but rather by the nature, character, and effect of the proceedings themselves. *Feldman*, 460 U.S. at 481, 103 S.Ct. 1303 (*citing In re Summers*, 325 U.S. 561, 567, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945)); *Prentis*, 211 U.S. at 226–27, 29 S.Ct. 67; *Hunter v. Supreme Court of New Jersey*, 951 F.Supp. 1161, 1171 (D.N.J.1996).

■■■ In Motley's case, the Supreme Court of Virginia affirmed the decision of the VSB Disciplinary Board, which, in turn, reviewed and affirmed the District Committee's recommendation that Motley be disbarred. A review of the procedures of the District Committee and the Board demonstrates that their proceedings are judicial in nature.

Proceedings before both the District Committee, which is composed of four attorneys and one non-attorney, and the Disciplinary Board, which is composed of sixteen attorneys and four non-attorneys, commence with the notification of the respondent of the proceedings against him or her. *Va. R. Sup.Ct.* Pt 6 § 4 ¶ 13(B)(2)(b)(3) (Committee); *id.* at ¶ 13(B)(4)(a) (Board). The respondent may file a written answer and may conduct discovery. Both bodies conduct public hearings where Bar Counsel and the respondent submit evidence, examine witnesses, and present factual and legal arguments. These bodies resolves only the matter before them based on existing law, rules and precedent. Imposition of a sanction on the respondent requires clear and convincing evidence of misconduct. The Board and the District Committee each issues a determination in writing setting forth findings of fact and legal support for their decisions. *See generally Va. R. Sup.Ct.* Pt. 6 § 4 Chap. 13(H)(1)-(2)(m) (Committee); *id.* at (I)(1)-(3) (Board). When the District Committee believes disbarment is the proper sanction to impose on a respondent, the Committee must certify the case to the Disciplinary Board, which has the authority to revoke a license to practice law. Finally, a respondent has the right to appeal an order of the Disciplinary Board to the Supreme Court of Virginia. *Id.* at 13(J)(1).

The proceedings of the Disciplinary Board and the District Committee are decidedly judicial in nature. They bear all the hallmarks of judicial proceedings including: impartial adjudicators, public hearings, discovery, the opportunity to examine and cross examine witnesses, to submit evidence, to make legal and factual arguments, a written, fact-driven legal adjudication, and a right of appeal. This conclusion is in accord with the law in the Fourth Circuit. *See e.g. Allstate Ins. Co.,*

*v. West Virginia State Bar,* 233 F.3d 813, 817 (4th Cir.2000) (holding that the proceedings of the West Virginia State Bar Committee on the Unlawful Practice were judicial in nature based on hallmarks similar to those discussed herein).

Additionally, this Court has previously held that proceedings of the Judicial Inquiry Review Commission (JIRC) of Virginia, the body charged with investigating and adjudicating judicial ethics violations, constitute judicial proceedings for the purpose of the *Rooker–Feldman* doctrine. *Edmonds,* 996 F.Supp. at 547 (E.D.Va.1998). The judicial process used by the VSB and the JIRC are almost identical. *See id.* at 546–47 (discussing the procedures of the JIRC). The decision in *Edmonds,* the Fourth Circuit's decision in *Allstate,* and the analysis above establish that the proceedings of the Disciplinary Board and the District Committee are judicial in nature.

Similarly, while the pleadings do not establish exactly what arguments were made in this matter before the Supreme Court of Virginia, the Supreme Court Rules grant a respondent in a disciplinary action an appeal of right and an opportunity to present legal argument to the court. *Rules of the Sup.Ct. of VA.* Pt. 6 § 4 Chap. 13(J)(1),(4). It requires no further inquiry to conclude that appellate review by the Supreme Court of Virginia is unquestionably judicial in nature.

## IV. The Court Lacks Subject Matter Jurisdiction Under the Inextricably Intertwined Prong

█ Having determined that the proceedings of the District Committee, the Disciplinary Board, and the Supreme Court of Virginia are judicial in nature, it is now necessary to ascertain whether the claims that Motley brings in this action were either adjudicated in the state pro-

ceedings or were inextricably intertwined with those proceedings.

The pleadings do not disclose exactly which claims Motley raised during the state proceedings. That is of no moment because the inextricably intertwined prong of the *Rooker–Feldman* doctrine bars federal district court jurisdiction over claims so long as two preconditions are met. First, the plaintiff must have had an opportunity to raise in the state proceedings the claims that are presented in federal court. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303 (*See infra* Part I). Second, resolution of the claims by the federal district court in favor of the plaintiff must reverse or render ineffectual the state tribunal's determinations. *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. at 25, 107 S.Ct. 1519 (*see infra* Part I); *Jordahl* 122 F.3d at 202 (*see infra* Part I).

### A. Motley Had an Opportunity to Present His Claims During the State Proceedings

In his Memorandum of Law, Motley styles the allegations in this action as nine claims. Three of these claims allege that the decisions of the VSB rested on insufficient evidence. Two claims argue that the VSB violated Motley's Fourth Amendment rights as a consequence of improper searches and seizures. The other four claims allege various deprivations of due process arising from evidentiary, procedural, or jurisdictional errors made by the state adjudicative bodies. *See Memorandum of Law* pp. 13, 18, 21, 23, 30, 32, 34 (Docket No. 2).

The disciplinary adjudication process described in Part III of this opinion afforded Motley ample and repeated opportunity to present those arguments at all three levels of the disciplinary process and to petition for review of those arguments on appeal. Motley would have had opportunity to seek review of his factual and constitutional claims before both the Disciplinary Board and the Supreme Court provided that he properly had raised those claims and had preserved them for appeal.

### B. Relief in Federal Court Would Constitute Reversal of the VSB and Supreme Court of Virginia

A review of Motley's nine claims demonstrates that a decision in favor of Motley would reverse or render ineffectual the determinations of the state adjudicative bodies involved. *See Jordahl,* 122 F.3d at 202 (*citing Ernst,* 108 F.3d at 491). Indeed, review of Motley's claims would, in violation of the *Rooker–Feldman* doctrine, "be the equivalent of an appellate review of the [state court] order," *Jordahl,* 122 F.3d at 202. Granting Motley relief on his evidentiary claims would directly reverse the determinations made by the Supreme Court of Virginia. Granting Motley relief on his constitutional claims would render ineffectual the state decisions by finding them constitutionally insufficient. The *Rooker–Feldman* doctrine precludes precisely those results and requires the conclusion that this Court lacks subject matter jurisdiction to hear Motley's claims.

### CONCLUSION

For the foregoing reasons, Defendants' MOTION TO DISMISS IS GRANTED and Plaintiff's complaint is dismissed without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to the plaintiff and to counsel for the defendants.

It is so ORDERED.