**Saied EMAMI, Plaintiff,**

**v.**

**Charles F. BOLDEN, Jr., In his official capacity as Administrator, National Aeronautics and Space Administration and United States of America, Defendants.**

**ACTION NO. 2:15cv34**

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed March 29, 2016

Filed March 30, 2016

Adam Nephi Harrison, Barbara Allyn Queen, Lisa Kim Newstein Lawrence, Lawrence & Associates, Richmond, VA, for Plaintiff.

Kenneth E. Rock, Dunedin, FL, pro se.

Virginia Lynn Van Valkenburg, United States Attorney Office, Norfolk, VA, for Defendants.

## MEMORANDUM ORDER

Rebecca Beach Smith, Chief Judge

This matter comes before the court on the Motion to Dismiss Counts IV and V of the Amended Complaint for Lack of Subject Matter Jurisdiction ("Motion") and accompanying Memorandum in Support filed by the United States of America ("United States") on March 1, 2016. ECF Nos. 28, 29. Because the United States is not a named defendant in this action, the United States also filed a Notice of Substitution on the same day. ECF No. 27. The Notice included a certification by the United States Attorney for the Eastern District of Virginia, pursuant to 28 U.S.C. § 2679 (the "Westfall Act") and 28 C.F.R. § 15.4, that Defendant Kenneth E. Rock ("Rock") was acting within the scope of his employment during all times relevant to the claims. *Id.* On March 15, 2016, the Plaintiff, Saied Emami ("Emami"), filed a Memorandum in Opposition. ECF No. 31. On March 21, 2016, the United States filed a Reply. ECF No. 32. The matter has been fully briefed and is ripe for review.

For the reasons below, the court **SUBSTITUTES** the United States for Defendant Rock, **DISMISSES** Rock from this action, and **GRANTS** the United States' Motion to Dismiss Counts IV and V of the Amended Complaint for Lack of Subject Matter Jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

This matter arises from Emami's claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), against Charles F. Bolden, Jr. ("Bolden"), in his official capacity as Administrator of the National Aeronautics and Space Administration ("NASA"), and from Emami's claims of tortious interference with contract and tortious interference with contract expectancy under Virginia common law, against Rock, Emami's former supervisor at NASA. Am. Compl. ¶¶ 1–3, ECF No. 4.[1]

Emami is an engineer who began working for NASA in 2002. *Id.* ¶ 38. Through 2012, he received ratings of "Meets or Exceeds Expectations" or "Fully Successful," including "Exceeds Expectations" and "Significantly Exceeds Expectations" for certain job elements. *Id.* ¶¶ 43–57. In 2012, he was placed on a performance plan, to which he objected. *Id.* ¶¶ 93–96. Emami worked under this plan and claims that he "performed all of the tasks assigned to him to the fullest extent possible" during the performance year of 2012–13. *Id.* ¶ 97. In 2013, citing unacceptable performance, Rock and another supervisor placed Emami on a Performance Improvement Plan ("PIP"), requiring Emami to submit quarterly reports on certain aspects of his work. *Id.* ¶¶ 119–20. Emami submitted quarterly reports on February 15, 2013, and February 28, 2013. *Id.* ¶ 134. On March 8, 2013, Emami also gave Rock further submissions in an effort to comply with the PIP. *Id.* ¶ 139.

On April 12, 2013, claiming that Emami's work under the PIP was unacceptable, Rock issued a Notice of Proposed

---

**1.** The facts recited here are from the Amended Complaint. However, these recitations are not presumed to be true for the sake of ruling on the Motion. *See infra* Section II.B.

Removal to Emami. *Id.* ¶¶ 25, 150. On June 21, 2013, Deputy Director Damador Ambur ("Ambur") affirmed Emami's termination. *Id.* ¶¶ 25, 178. Emami appealed his termination to the Merit Systems Protection Board ("MSPB"), alleging discrimination based on national origin and religion, and retaliation, under Title VII. *Id.* ¶ 25. The MSPB ruled against Emami on November 20, 2014, and its decision became final on December 25, 2014. *Id.* Emami timely filed a Complaint in this court within thirty (30) days of that finalized decision. ECF No. 1. Emami filed an Amended Complaint on April 1, 2015. ECF No. 4.

## II. STANDARD OF REVIEW

In order to have standing to file the Motion, the United States must be a party to this case. Accordingly, before ruling on the Motion, the court must evaluate the Westfall Act certification seeking to substitute the United States for Defendant Rock.

### A. Westfall Act Certification

■■■ "When a federal employee is sued for wrongful or negligent conduct, the [Westfall Act] empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley,* 549 U.S. 225, 229–30, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007)(quoting 28 U.S.C. § 2679(d)(1), (2)). Upon such certification, the court shall substitute the United States for the individual defendant. 28 U.S.C. § 2679(d)(1). Nevertheless, a plaintiff may challenge the certification as improper through demonstrating, by a preponderance of the evidence, that the federal employee was not acting within the scope of employment. *Borneman v. United States,* 213 F.3d 819, 827 (4th Cir. 2000). To do so, "the plaintiff must submit 'specific evidence or the forecast of specific evidence that contradicts the At-

torney General's certification decision, not mere conclusory allegations and speculation." *Id.* (quoting *Gutierrez de Martinez v. Drug Enf't Admin.,* 111 F.3d 1148, 1155 (4th Cir.1997)). "If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification." *Gutierrez de Martinez,* 111 F.3d at 1155.

■■■ In ruling on certification, the district court has the discretion to allow limited discovery and hold an evidentiary hearing to determine the scope of employment issue. *Id.* However, the court "should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact." *Id.* Ultimately, "it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues." *Borneman,* 213 F.3d at 827. The plaintiff has no right to a jury on the issue of Westfall Act certification. *Osborn,* 549 U.S. at 252, 127 S.Ct. 881. Furthermore, "[d]uring this process, the district court should remain cognizant of the considerations weighing against protracted litigation under the Westfall Act." *Gutierrez de Martinez,* 111 F.3d at 1155.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

■■■ A defendant may challenge subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. "First, the defendant may contend 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir.2009) (quoting *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). "In that situation, the facts alleged in the complaint are tak-

en as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* Second, a defendant may challenge subject matter jurisdiction pursuant to Rule 12(b)(1) by contending "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Adams*, 697 F.2d at 1219). "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.*

In the instant case, the United States presents the second type of challenge. The United States argues that, should it be substituted for Rock through the Westfall Act certification, the state law claims must be dismissed "because the United States has not waived sovereign immunity over tortious interference with contract claims," and that "even if there was no sovereign immunity, Emami failed to exhaust his administrative remedies as required under the Federal Tort Claims Act." Mem. Supp. at 2. Since this challenge to subject matter jurisdiction looks to the factual nature of the jurisdictional allegations, this court will rule on the Motion without according a presumption of truth to the Amended Complaint. Instead, the court will evaluate the facts presented by both Emami and the United States, should the United States have standing through substitution.

## III. ANALYSIS

### A. Westfall Act Certification

■ Emami challenges the United States' substitution under the Westfall Act, arguing that "Rock was not 'acting within the scope of his office or employment' at the time that he defamed Emami, thus tortiously interfering with Emami's employment and his reasonable expectation of future employment." Mem. Opp. at 2.

More specifically, Emami states that Rock, despite knowing "that Emami was an excellent researcher with an impeccable record," misrepresented to Ambur and others in NASA management the quality of Emami's work and communication, and withheld and lied about the existence of "a key part of Emami's work product, his Test Plan," all in a "dishonest attempt to cause Emami to lose his job." *Id.* at 10, 11.

In the alternative, Emami argues that the parties should be allowed to engage in limited discovery and participate in an evidentiary hearing due to genuine issues of material fact regarding scope of employment. *Id.* at 3.

As the relevant claims derive from Virginia law, the court must apply Virginia's definition for "scope of employment" in determining whether Emami has rebutted the certification, or whether discovery is needed. *See Borneman*, 213 F.3d at 827. Under Virginia law, an act lies within the scope of employment when:

> (1) it [is] something fairly and naturally incident to the business, and (2) if it [is] done while the servant was engaged upon the master's business and [is] done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*Sayles v. Piccadilly Cafeterias, Inc.*, 242 Va. 328, 332, 410 S.E.2d 632 (1991). "Virginia courts generally take a broad view of the employment relationship, and have held that even intentional torts may be within the scope of employment." *Gutierrez de Martinez*, 111 F.3d at 1158.

Everything Emami alleges would clearly fall within the scope of Rock's employment under Virginia law. According to Emami, Rock sought to terminate his employment, and even used deceit to get a higher-level supervisor, Ambur, to ratify that decision. Moreover, during this whole process, Rock was allegedly motivated out of pure malice toward Emami and did not aim to serve NASA in any way. Motivation, however, does not determine scope of employment under Virginia law. *Gina Chin & Assocs., Inc. v. First Union Bank,* 260 Va. 533, 543, 537 S.E.2d 573 (2000). Rather, the question is "whether the service itself, in which the tortious act was done, was within the ordinary course of such business." *Id.* (quoting *Davis v. Merrill,* 133 Va. 69, 78, 112 S.E. 628 (1922)). In *Gina Chin,* the Virginia Supreme Court found that a bank teller's participation in a criminal scheme, wherein he deposited checks knowing that they were fraudulent, could lie within the scope of his employment because "he was performing a normal function of a bank teller in accepting checks for deposit." *Id.* at 545, 537 S.E.2d 573. Likewise, this court found that a bookkeeper was acting within the scope of her employment, under Virginia law, when she embezzled funds. *Gulf Underwriters Ins. Co. v. KSI Servs., Inc.,* 416 F.Supp.2d 417 (E.D.Va.2006) (Ellis, J.), *aff'd,* 233 Fed.Appx. 239 (4th Cir. 2007).

At worst, this case involves a supervisor who, for simply personal reasons, wanted to get his subordinate fired and used improper means, perhaps even defamation, to reach that end. Even if this is true, however, such conduct falls squarely within that supervisor's scope of employment under Virginia law. A negative, even deceptive, performance review of a subordinate cannot be considered to lie beyond the scope of an employee who is charged with evaluation and supervision of the subordinate employee. The court does not find it necessary to order limited discovery or

hold an evidentiary hearing to reach this conclusion, nor does it find that additional evidence could change this outcome. Simply put, given the broad definition of scope of employment under Virginia law, no genuine dispute of material fact exists on whether the conduct in question rested within it. Accordingly, the Westfall Act certification that Rock was acting within the scope of employment is proper.

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

 Because the United States properly substituted itself for Rock as a Defendant in this case, it has standing to challenge the state law claims for lack of subject matter jurisdiction. In the Motion, the United States argues that "these tort allegations must be dismissed because the United States has not waived sovereign immunity over tortious interference with contract claims," and "even if there was no sovereign immunity, Emami failed to exhaust his administrative remedies as required under the Federal Tort Claims Act." Mem. Supp. at 2.

The United States is correct on both points. A plaintiff may sue the United States, only if the United States has specifically waived sovereign immunity for the relevant claim, *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980), and tortious interference with contract claims are specifically excluded from waiver under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(h). Moreover, "there is no record whatsoever of Saied Emami, a person with a similar name, or a person on his behalf filing a claim, attempting to file a claim, or inquiring about filing a claim, under the FTCA or other authority, within the last fifteen years." Decl. of Kenneth H. Goetzke, Jr., (Attorney–Advisor for NASA), ECF No. 29–1. Accordingly, this court lacks subject

matter jurisdiction over Counts IV and V of the Amended Complaint.

## IV. CONCLUSION

Because the court finds that the alleged conduct by Defendant Rock occurred within the scope of his employment for NASA, the Westfall Act certification is proper, and the United States is **SUBSTITUTED** for Defendant Rock. Accordingly, Defendant Rock is **DISMISSED** from the case. Furthermore, because the United States has preserved sovereign immunity for tortious interference with contract claims, and because Emami did not exhaust his administrative remedies even if that were not so, the court **GRANTS** the Motion and **DISMISSES** Counts IV and V of the Amended Complaint against the substituted Defendant United States.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties, and to Defendant Rock.

**IT IS SO ORDERED.**

